# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

DAMON L. JONES,

  Petitioner,

v.

MICHAEL SEXTON, Warden,

  Respondent.

Case No. 16-cv-05239-HSG

**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 8

Petitioner, a state prisoner incarcerated at Corcoran State Prison,[1] has filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Dkt. No. 8. Petitioner has not filed an opposition, and the deadline to do so has long since passed.

## BACKGROUND

On July 19, 2012, in Alameda County Superior Court, a jury found Petitioner guilty of first-degree murder, and also found true the allegation of personal and intentional use of a firearm, causing great bodily injury and death. Docket No. 1 ("Pet.") at 2 and Dkt. No. 8 at 7–8. That same day, the trial court sentenced Petitioner to two consecutive terms of twenty-five years to life in state prison. Pet. at 1 and Dkt. No. 8 at 8–9.

On August 9, 2012, Petitioner appealed his conviction, Dkt. 8 at 9, and on April 2, 2014, the California Court of Appeal affirmed Petitioner's judgment in an unpublished decision, *id.* at 7–

---

[1] Petitioner initially named Dave Davey as the respondent in this action. In accordance with Rule 25(d) of the Federal Rules of Civil Procedure and Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, the Clerk of the Court is directed to substitute Michael Sexton, the current warden of Corcoran State Prison, in place of the previously named respondent because Warden Sexton is Petitioner's current custodian.

22. On June 18, 2014, the California Supreme Court denied Petitioner's petition for review. *Id.* at 24.

On October 27, 2015, Petitioner filed a petition for a writ of habeas corpus in Alameda County Superior Court, Dkt. No. 8 at 26, which was denied on December 23, 2015, as untimely, procedurally barred, and on the merits, *id.* at 26–27. On March 14, 2016, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which was denied on May 11, 2016. *Id.* at 30.

The instant federal petition for a writ of habeas corpus was filed on September 2, 2016.[2]

## DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. As a general rule, petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

---

[2] Although the petition was docketed on September 13, 2016, the petition has a signature date of September 2, 2016, Pet. at 12; the proof of service also has a signature date of September 2, 2016, Dkt. No. 1-1 at 1; and the envelope is signed by a prison official on September 2, 2016, Dkt. No. 1-2 at 3. As a *pro se* prisoner, Petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court therefore deems the federal petition filed as of September 2, 2016.

Here, because Petitioner did not seek a writ of certiorari from the United States Supreme Court, Petitioner's judgment became final on September 16, 2014, ninety days after the state supreme court denied review on June 18, 2014. Petitioner therefore had one year, or until September 16, 2015, to file his federal habeas petition. *Evans v. Chavis*, 546 U.S. 189, 200 (2006); *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). The instant petition was filed September 2, 2016, nearly a year after the limitations period expired. The instant petition is therefore untimely unless Petitioner is entitled to statutory tolling of the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(2).[3]

Section 2244(d)(2) provides for tolling of the one-year statute of limitations for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . ." 28 U.S.C. § 2244(d)(2). However, a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if state petition was timely filed) (holding that Oregon's two-year limitations period for filing of state habeas petitions does not alter operation of AEDPA, even though prisoners who take full advantage of two-year period will forfeit right to federal habeas review); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (same). In other words, Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. *See, e.g.*, *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations."). Here, Petitioner filed a state habeas petition in Alameda County Superior Court on October 27, 2015, approximately six weeks after the limitations period expired on

---

[3] A delayed petition can also be rendered timely if a petition is entitled to delayed commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B)-(D); or to equitable tolling of the limitations period, *Holland v. Florida*, 560 U.S. 631, 645 (2010) (AEDPA's statute of limitations subject to equitable tolling in appropriate cases); or if the "miscarriage of justice" exception applies, *see McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–32 (2013) (miscarriage of justice (actual innocence) showing applies to claims filed after AEDPA statute of limitations has run). However, Petitioner does not argue that any of these exceptions are applicable to his petition, so the Court does not discuss these exceptions.

3

September 16, 2015. Petitioner is therefore not entitled to statutory tolling of the limitations period under section 2244(d)(1).

Moreover, when a state collateral petition is denied as untimely under state law, as it was here, Dkt. No. 8 at 26–27, it is not considered "properly filed" for the purposes of Section 2244(d)(2) and cannot toll AEDPA's one-year statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 428 (2005). The fact that California provides exceptions to its timely filing requirement does not prevent an application from being considered improperly filed. *Bonner v. Carey*, 425 F.3d at 1145, 1148–49 (9th Cir. 2005) (state court's rejection of petition because petitioner repeated same claims in earlier petition or could have included the claims in the earlier petition and did not state reason for any delay in this regard was rejection for untimeliness, and petition thus was never "properly filed" for purposes of tolling provision, notwithstanding existence of exceptions to timeliness requirement and fact that court also denied petition on merits).

**B.     Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

4

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss the petition as untimely is GRANTED. The petition for a writ of habeas corpus is DENIED as untimely, and a certificate of appealability is DENIED.

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated: 8/8/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge