UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON L. JONES,<br>　　　　Petitioner,<br>　　v.<br>DAVE DAVEY,<br>　　　　Respondent. | Case No. 16-cv-05239-HSG<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>Re: Dkt. No. 15 |

Petitioner, a state prisoner incarcerated at Corcoran State Prison filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. On August 8, 2017, the Court dismissed this petition as untimely, denied a certificate of appealability, and entered judgment in favor of Respondent. Dkt. Nos. 13 and 14. Now pending before the Court is Petitioner's request for an extension of time to file his notice of appeal. Dkt. No. 15.

## DISCUSSION

**A.　STANDARD**

An appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk." Fed. R. App. P. 3(a)(1). The notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Rule 4(a)(5) of the Federal Rules of Appellate Procedure[1] allows a district court to extend the time to file a notice of appeal if a party moves for an extension of time no later than thirty days after the time prescribed by Rule 4(a) expires; and if that party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

---

[1] All further references to procedural rules are to the Federal Rules of Appellate Procedure.

**B. ANALYSIS**

Petitioner timely filed his request for an extension of time to file his notice of appeal. The district court entered judgment denying the instant petition for writ of habeas corpus on August 8, 2017. The thirtieth and final day for Petitioner to file a timely notice of appeal fell on September 7, 2017. *See* Fed. R. App. P. 26(a)(1). Petitioner placed the notice of appeal, addressed to the district court, in a mailbox on September 7, 2017. Dkt. No. 15 at 3.

Petitioner has not demonstrated good cause. Petitioner states that he has been unable to access the law library because the prison has been on a modified lockdown program which restricts inmates both from accessing the law library and from movement. Dkt. No. 15 at 2. However, Petitioner's claim of denial of access to the law library is contradicted by the daily program status which initiated the modified lockdown program. *Id.* at 4. The modified lockdown program was initiated on August 19, 2017, but it allows Priority Legal Users ("PLUs") access to the law library. *Id.* An inmate with an established court or statutory deadline, such as Petitioner, is eligible for PLU status. 15 Cal. Code Regs. § 3122(b). Because the record before the Court does not support Petitioner's claim that the prison prevented him from accessing the law library, the Court finds that Petitioner has not demonstrated good cause.

Nonetheless, the Court finds that Petitioner has demonstrated excusable neglect. The United States Supreme Court, in the context of a dispute about a bankruptcy rule, has said that "neglect" encompasses faultless omissions and omissions caused by carelessness, and that the determination whether neglect was "excusable" is an equitable one, taking account of all relevant circumstances surrounding a party's omission. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388, 392, 395 (1993) (addressing phrase "excusable neglect" in Rule 6(b) of the Federal Rules of Civil Procedure). In evaluating whether neglect is excusable under Rule 4(a)(5), a district court must consider the four factors established by the United States Supreme Court in *Pioneer*: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer*, 507 U.S. at

395). The weighing of *Pioneer*'s equitable factors is left to the discretion of the district court "in every case." *Id.* at 860. The first two factors weigh in favor of granting the extension of time. The extension of time sought poses no danger of prejudice to Respondent; and the delay is minimal and would have little impact on judicial proceedings. The third factor weighs against granting the extension of time. The reason for the delay is unclear because Petitioner's proffered reason is not supported by the record. The fourth factor is inconclusive. The Court bears in mind that Petitioner is a *pro se* inmate, and the record does not clearly indicate bad faith.

Because this is an equitable determination, the Court finds excusable neglect and grants an extension of time for the following reason. The Ninth Circuit has held that a petitioner's timely motion for an extension of time to file an appeal is the functional equivalent of a notice of appeal where the motion is filed within the time specified by Rule 4 and gives the notice required by Rule 3. *See Estrada v. Scribner*, 512 F.3d 1227, 1236 (9th Cir. 2008) (noting that a document is the functional equivalent of a notice of appeal if filed within time specified by Fed. R. App. P. 4 and gives notice required by Fed. R. App. P. 3, and that more lenient standard is used with *pro se* litigants); *Andrade v. Attorney General of Cal.*, 270 F.3d 743, 752 (9th Cir.2001), *rev'd on other grounds*, 538 U.S. 63 (2003) (holding that *pro se* prisoner's timely motion for extension to file appeal was functional equivalent of notice of appeal). Petitioner's motion for an extension of time was filed within the time specified by Rule 4. Petitioner's motion also gave the notice required by Rule 3 in that Petitioner identified the party seeking to take the appeal (i.e. himself); referenced the judgment which he sought to appeal (Order Granting Respondent's Motion to Dismiss); and referenced the district court's denial of a certificate of appealability. Petitioner's failure to specify the "Ninth Circuit Court of Appeals" in his motion does not bar his appeal here because it is clear that he is seeking to appeal to the Ninth Circuit. *Estrada*, 512 F.3d at 1236 (finding that while petitioner did not specify Ninth Circuit Court of Appeals in motion for extension of time, motion satisfied Rule 3's notice requirement because he identified himself as the party seeking appeal and referenced judgment being appealed). Keeping in mind that Petitioner is a *pro se* litigant and that the Ninth Circuit recognizes Petitioner's timely motion for an extension of time to file his appeal as the functional equivalent of a notice of appeal, the Court finds that the *Pioneer*'s equitable

3

factors, as applied in this particular instance, weigh in favor of granting the extension of time.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's motion for an extension of time. Petitioner shall file his notice of appeal by October 2, 2017.

This order terminates Docket No. 15.

**IT IS SO ORDERED.**

Dated: 9/15/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge